FRIEDLAND, Circuit Judge,
concurring:
I concur in Judge Clifton’s thoughtful opinion, which faithfully applies our circuit precedent. I write separately to express my view that San Diego County Gun Rights Committee v. Reno, 98 F.3d 1121 (9th Cir.1996), which drives the opinion’s conclusion that Plaintiffs lack Article III standing, should be reconsidered in an appropriate case.
Gun Rights ignores one of the most basic rules of microeconomics. According to Gun Rights, the fact that a law “re *1024 strict[s] supply” of a good is insufficient to support the inference that the law causes an increase in the price of that good. 98 F.3d at 1130. But the law of supply and demand tells us that, when demand for a good remains constant, a decrease in the supply of that good will cause an increase in price. See David BesanKow & Ronald R. BrAEUTIGAM, MICROECONOMICS 37 (4th ed.2010); see also Charles Alan Weight, AethüR R. Miller & Edward H. Cooper, 13a Federal PRACTICE & Procedure § 3531.5 n. 35 (3d ed.2008) (criticizing the causation analysis in Gun Rights for failing to recognize that “[r]estriction of lawful supply inevitably increases the price absent a change in the demand schedule”).
In accordance with basic economics, plaintiffs should be able to show that a challenged statute has caused an increase in price by showing that it has decreased supply. But Gun Rights prevents plaintiffs from establishing causation in this manner unless they can show that the statute actually “directs manufacturers or dealers to raise the price of regulated” goods. 98 F.3d at 1130. This contravenes the rule that causation may be indirect: “causation may be found even if there are multiple links in the chain connecting the defendant’s unlawful conduct to the plaintiffs injury.” Mendia v. Garcia, 768 F.3d 1009, 1012 (9th Cir.2014). As long as plaintiffs can show, “without relying on speculation or guesswork,” that challenged governmental conduct is “at least a substantial factor” behind an injury, they can establish causation. Id. at 1013. The law of supply and demand requires no speculation or guesswork, so there should be little doubt that a statute reducing supply is at least a substantial factor behind a rise in price.
Were it not for Gun Rights, I would conclude that Plaintiffs have standing to challenge the Jones Act. At a minimum, Plaintiffs allege that the Jones Act limits the supply of vessels available to serve the Hawaii shipping market. This alone should be sufficient to establish that the Jones Act causes prices in that market to be higher than they otherwise would be. But, regrettably, Gun Rights requires more.
That said, this case is a poor vehicle for revisiting Gun Rights because, as Judge Clifton’s opinion explains, Plaintiffs have failed to state a claim whether or not they have established standing. I expect the day will come, however, when it will be necessary to reconsider how plaintiffs injured by high prices can show that a defendant’s challenged conduct caused those prices to increase. When it does, we should overrule Gun Rights and bring the law of our circuit into conformity with fundamental principles of economics.